IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DONNA ROADMAN, | ) | Case No. 3:16-cv-246 |
|---|---|---|
| | ) | |
| | ) | JUDGE KIM R. GIBSON |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SELECT SPECIALTY HOSPITAL and | ) | |
| RONALD LEWIS, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

I. Introduction

Pending before this Court is Plaintiff's Motion to Compel Discovery. (ECF No. 45.) All parties have filed briefs (ECF No. 45, 46) and participated in oral argument (ECF No. 53) on this Motion, and it is ripe for disposition.

This case arises from Plaintiff Donna Roadman's ("Roadman") allegations that Defendant Ronald Lewis ("Lewis") sexually harassed her at her workplace, Defendant Select Specialty Hospital ("Select"). *See Roadman v. Select Specialty Hospital*, Case No. 3:16-cv-246, 2018 WL 557922, at *1 (W.D. Pa. Jan. 23, 2018) (Gibson, J.); *Roadman v. Select Specialty Hospital*, 3:16-cv-246, 2017 WL 4236581 (W.D. Pa. Sept. 22, 2017) (Gibson, J.). Roadman asks this Court to order Lewis and Select to respond to a number of discovery requests. Based on the statements made by Roadman's counsel at the oral argument on July 26, 2018, some of these outstanding discovery disputes have been resolved. However, to the extent these discovery disputes have not been resolved by counsel for the parties, the Court concludes that Defendants have fully met their discovery

obligations by responding to all relevant requests within the scope of discovery provided for by Federal Rule of Civil Procedure 26(b)(1). *See* Fed. R. Civ. P. 26(b)(1).

Accordingly, for the reasons that follow, Plaintiff's Motion to Compel Discovery (ECF No. 45) is **DENIED**.

## II. Jurisdiction & Venue

The Court has jurisdiction over Roadman's federal claim under Title VII pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the alleged events giving rise to Roadman's claims occurred in Johnstown, Cambria County, Pennsylvania. (ECF No. 30 ¶ 2.)

## III. Factual Background[1]

Defendant Select, a specialty care hospital offering rehabilitative care and long term acute care, hired Roadman as a registered nurse to work at its Johnstown location on July 7, 2015. (ECF No. 30 ¶¶ 6-8.) During the first week of her employment, Roadman did orientation. (*Id.* ¶ 10.) During the second week of Roadman's employment, Roadman was introduced to Lewis, a registered nurse who had worked for Select for several years prior to Roadman's employment. (*Id.* ¶¶ 11-12.) Select assigned Lewis to train Roadman for her new position. (*Id.* ¶ 13.)

Before beginning her training, a number of other employees made comments to Roadman concerning Lewis's behavior. (*Id.* ¶ 14.) These comments included: (1) a nurse named Jamie

---

[1] The Court draws this factual background from its Memorandum Opinion and Order of January 23, 2018 that decided Defendants' Motion to Dismiss the Amended Complaint in Part. *See Roadman v. Select Specialty Hospital*, Case No. 3:16-cv-246, 2018 WL 557922, at *1-*2 (W.D. Pa. Jan. 23, 2018) (Gibson, J.). Thus, this factual background is derived from the allegations made by Plaintiff in her Amended Complaint. (*See* ECF No. 30.)

telling Roadman to "be careful" around Lewis because "he hit on her," (2) Jamie suggesting "being mean" to Lewis so that he would not harass or continue to harass her, (3) a respiratory therapist informing Roadman that Lewis liked her and wanted to date her, and (4) another respiratory therapist joking in front of Lewis and Roadman, therein "implying knowledge" of Lewis's intentions, that Roadman would never go out with Lewis. (*Id.* ¶ 14.)

Thereafter, the Amended Complaint alleges that, with approval and knowledge of Select, Lewis created and maintained a hostile work environment for Roadman because of her gender by engaging in the following behavior: (1) demanding dates, intimating that Roadman should sleep with him, touching Roadman's buttocks, and touching Roadman's cheeks; (2) calling Roadman "babe" and "hun" and commenting on Roadman's appearance by stating Roadman was "cute," "pretty," or "sexy" on "diverse dates"; (3) texting Roadman on her cell phone number that he acquired for purposes of orientation and calling Roadman "babe" or "hun" in those messages; (4) scolding, degrading, and belittling Roadman concerning her nursing skills and job performance when Roadman refused his unwelcome advances; (5) grabbing Roadman by the waist and grinding his crotch into her buttocks to the point where Roadman "felt Mr. Lewis's erect penis against her" on one occasion in the medicine room; and (6) "by other such actions too numerous to list in their entirety." (*Id.* ¶ 15.) Roadman also alleges that Lewis's references to Roadman as "babe" and "hun" and the touching of Roadman's buttocks and cheeks "regularly occurred in front of staff and were open and notorious to the other employees of Select." (*Id.* ¶ 16.)

Roadman reported this behavior to her scheduler, Renee Lightcap ("Lightcap") and requested to be trained by someone other than Lewis. (*Id.* ¶ 17.) Lightcap complied, and Ronald

-3-

Lindros ("Lindros") completed Roadman's remaining week of orientation. (*Id.* ¶ 18.) Roadman completed her orientation with Lindros, but she was scheduled to work at the same time as Lewis for several days. (*Id.* ¶ 19.) Roadman called off work on these days to avoid working with Lewis. (*Id.* ¶ 20.)

After returning from vacation, Roadman's supervisor, Danielle Smorto ("Smorto"), telephoned Roadman and "asked her what happened." (*Id.* ¶ 21.) Roadman reported the alleged harassment to Smorto by telephone and sent a follow-up e-mail. (*Id.* ¶¶ 23-23.) Smorto told Roadman that she would investigate the situation, instructed Roadman not to discuss the matters with anyone, and changed the weekend work schedule so that Roadman and Lewis would not be working together. (*Id.* ¶¶ 25-27.)

Approximately one week after speaking with Smorto regarding the alleged harassment, Smorto called Roadman into a meeting with Smorto and Matt Gost ("Gost"), a human resources employee. (*Id.* ¶ 28.) At this meeting, Smorto and Gost told Roadman that they had "investigated her complaints with Mr. Lewis, exclusively" and that Lewis had denied her accusations. (*Id.* ¶¶ 29-30.) Roadman then informed Smorto and Gost that she could not work with Lewis, requested that she not be scheduled with Lewis, and advised them that she had received inappropriate text messages from Lewis. (*Id.* ¶¶ 31-32.)

After this meeting, Roadman also discussed the matter with Barb Foster ("Foster") — whose position, if any, with Select is not set forth in the Amended Complaint — and stated that she did not want to work with Lewis. (*Id.* ¶ 33.) Roadman provided copies of the above-referenced text messages to Foster and told her that Jamie Cotterman — presumably the same nurse who told Roadman to "be[] mean" to Lewis so he would not harass her — could corroborate

-4-

her concerns. (*Id.* ¶¶ 34-35.) The Complaint alleges that Select was aware of Roadman's concerns regarding Lewis because, on several occasions, Roadman called off work when she was scheduled to work with Lewis and still received pay. (*Id.* ¶ 36.)

Roadman had an additional meeting with Human Resources, during which she was informed of the effort to schedule her and Lewis for different shifts, but that Human Resources could not "guarantee" that she and Lewis would not be scheduled together. (*Id.* ¶¶ 37-38.) At this second meeting, Human Resources "threatened the Plaintiff that if either her [sic] or Mr. Lewis said anything else or filed a complaint either one would be fired." (*Id.* ¶ 39.)

The Amended Complaint alleges that this threat made it intolerable for Roadman to continue her employment because she believed that she was being "shunned into silence" and that she "could have been victimized later by Mr. Lewis or his friends." (*Id.* ¶ 40.) At no time did Human Resources discuss or offer Roadman the opportunity to transfer to a different Select facility. (*Id.* ¶ 41.) Roadman resigned on August 26, 2016.[2] (*Id.* ¶ 42.)

IV. **Procedural History**

Following this Court's disposition of Defendants' two motions to dismiss, the remaining claims in this case are (1) a hostile work environment claim under Title VII of the Civil Rights Act of 1964 against Select, (2) a "negligence/negligent supervision" claim against Select, and (3) a battery claim against Lewis. *See Roadman v. Select Specialty Hospital*, Case No. 3:16-cv-246, 2018 WL 557922, at *6 (W.D. Pa. Jan. 23, 2018) (Gibson, J.). By Memorandum Opinion and Order of January 23, 2018, this Court dismissed all claims for constructive discharge with prejudice. *Id.*

---

[2] As pointed out by Defendants (ECF No. 33 at 5), the date of April 26, 2016 provided in the Amended Complaint appears to be a typographical error and should read August 26, 2015.

-5-

Most pertinent here, Roadman filed the instant Motion to Compel Discovery on June 1, 2018. (ECF No. 45.) Defendants filed their Response on June 8, 2018. (ECF No. 46.) Due to the apparent failure to meet and confer in good faith to resolve the discovery disputes pursuant to Federal Rule of Civil Procedure 37(a)(1) and the lack of clarity in Roadman's Motion to Compel Discovery, on June 19, 2018, this Court scheduled oral argument for July 18, 2018 and ordered the parties to meet and confer prior to that argument. (ECF No. 47.)

This oral argument was rescheduled for and, subsequently, was held on July 26, 2018. (ECF Nos. 52, 53.)

## V. Legal Standard

Federal Rule of Civil Procedure 26 provides the general framework for discovery in federal civil litigation. Rule 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). This scope formerly included matters that were "reasonably calculated" to lead to the discovery of admissible evidence, but Rule 26 as amended—and effective December 1, 2015—no longer includes this language.

A matter is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." *See* Fed. R. Evid. 401. In determining whether discovery is proportional to the needs of the case, courts must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(l).

Rule 37 provides the mechanism to compel discovery from a person or party who refuses to provide discovery. The party moving to compel discovery under Rule 37 bears the initial burden of proving the relevance of the material requested. *See Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001) (citations omitted). If the movant meets this initial burden, then the burden shifts to the person resisting discovery to establish that discovery of the material requested is inappropriate. *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (citation omitted). The person resisting discovery must explain with specificity why discovery is inappropriate; the boilerplate litany that the discovery sought is overly broad, burdensome, oppressive, vague, or irrelevant is insufficient. *See Josephs v. Harris Corp.*, 677 F.2d 985, 991-92 (3d Cir. 1982).

## VI. Discussion

At the oral argument on Roadman's Motion to Compel Discovery held on July 26, 2018, Roadman's counsel expanded upon those issues raised in the Motion and represented that some of the issues raised in the Motion had been resolved through discussions with opposing counsel. For ease of analysis and clarity, the Court has organized Roadman's outstanding issues into six categories.[3] The Court will address each of these six categories in turn.

### A. Lewis's Personnel File

First, Roadman requests that Defendants produce Lewis's personnel file. (*See* ECF No. 45 at 2-3.) At oral argument, Roadman's counsel stated that Defendants had resolved his concerns regarding Lewis's personnel file and employment documents.

---

[3] The Court notes that this categorization follows the organization used by Roadman's counsel in his oral argument.

Furthermore, to any extent Roadman may still be dissatisfied with Defendants' production of Lewis's personnel file, this Court holds that Defendants have produced all of Lewis's "personnel file" documents within the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1) (defining the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.").

### B. Text Messages

Second, Roadman requests that Defendants produce certain text message exchanges from Lewis's phone. (*See* ECF No. 45 at 2-3.) As with the personnel file, at oral argument, Roadman's counsel stated that Defendants had resolved his concerns regarding the text messages. Moreover, to any extent Roadman may still believe Defendants' production of the text message is incomplete, this Court finds that Defendants' have fully responded to Roadman's request for text messages by providing screenshots of all relevant text messages to Roadman.

Thus, this Court holds that Defendants have produced all of the requested text messages within the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1).

### C. E-mails

Third, Roadman requests that Defendants produce somewhat non-specific e-mails of a sexist or inappropriate nature. (*See* ECF No. 45 at 2-4.) Beyond requesting e-mails dating five years prior to Roadman's employment with Select and for an unspecified period of time after the end of Roadman's employment with Select, Roadman's counsel was unable to clearly articulate in either the Motion or at oral argument the precise types of e-mails he sought or the manner in which Defendants' responses were inadequate.

However, despite their objections to Roadman's request, Defendants used the keywords suggested by Roadman's counsel to search through all of Roadman and Lewis's servers for responsive e-mails and electronic documents. Defendants' search included e-mails and electronic documents from approximately six months before Roadman's employment with Select began until two months after Roadman left her employment at Select.

This Court finds that Defendants' search and production was reasonable, appropriate, and proportional to the needs of the case and holds that Defendants have met their discovery obligations regarding Roadman's request for e-mails. *See* Fed. R. Civ. P. 26(b)(1).

### D. Lewis's Cell Phone and Personal Computer

Fourth, Roadman seeks non-specific information purportedly/potentially contained on Lewis's cell phone and personal computer. (*See* ECF No. 45 at 2-4.) Roadman's counsel failed to identify with any clarity the nature of this alleged information in the Motion or at oral argument.

The Court notes that Defendants provided Roadman with the aforementioned text messages, e-mails, and employment-related documents. However, Roadman has not provided this Court with any information or argument to suggest that any other responsive or relevant materials exist on Lewis's cell phone or personal computer. Additionally, the Court finds Defendants' representation that no other relevant and responsive material exists on Lewis's cell phone and personal computer to be credible.

Defendants cannot produce materials that do not exist. And, this Court will not permit an aimless "fishing expedition" of Lewis's phone and personal computer when Defendants assert that no other relevant and responsive materials exist and Roadman has not presented this Court with any evidence or cogent argument to the contrary.

### E. Employee Identification and Contact Information

Fifth, Roadman asserts that Defendants have failed to adequately identify Select employees who may have witnessed the alleged wrongdoing or other similar wrongdoing perpetrated by Lewis in the past. (*See* ECF No. 45 at 3-4.) In particular, Roadman requests the identity and contact information for all Select employees who have worked with Lewis. At oral argument, Roadman's counsel tentatively expressed willingness to seek the identity and contact information of only Select employees who worked with Lewis for the five years prior to Roadman's employment with Select and for an unspecified period of time after Roadman's employment.

Defendants provided Roadman with Select's employee work schedules for the time of Roadman's employment at Select. The Court holds that providing these schedules to Roadman is a sufficient response to Roadman's discovery requests. From these schedules, Roadman can identify all employees who were likely to have witnessed the alleged wrongdoing by Lewis and identify all employees who worked for Select at the time of Roadman's employment with Select. Based on these schedules, Roadman could propound appropriate interrogatories or seek to depose other Select employees where appropriate.

Given the scope of discovery provided for by the Federal Rules of Civil Procedure and the brief period of time that Roadman was employed by Select, these schedules adequately identify potential witnesses to the wrongdoing alleged by Roadman. Defendants need not provide the name and contact information of every single person who worked with Lewis over his many years of employment with Select. Roadman's counsel can appropriately seek information from the employees on the work schedules through discovery requests and depositions—not through

direct phone calls to these employees without Defendants' counsel present, as Roadman's counsel suggested at oral argument.

Accordingly, this Court holds that Defendants have met their obligations in providing Roadman with the identity and contact information of Select employees who may have relevant information of the alleged wrongdoing underlying this case.

### F. "Misogynic [sic] or Pornographic Material"

Lastly, Roadman requests that Defendants produce "any misogynic [sic] or pornographic material." (ECF No. 45 at 4.) The Court denies this request.

No allegation in Roadman's Amended Complaint, no information adduced in Roadman's deposition, and no other material in this case suggest that any misogynistic or pornographic material is present on Select's servers. Furthermore, Defendants used the keywords proposed by Roadman to search Lewis and Roadman's servers—searches that would likely have produced any such relevant materials had such materials existed. Defendants deny the existence of such material and, at oral argument, Roadman's counsel even noted that Select's computer system would have blocked such materials from being used on their servers and computers.

The allegations and claims of Roadman's Amended Complaint do not relate to misogynistic or pornographic material on Defendants' servers beyond those already produced, and Defendants credibly deny the existence of any additional responsive content relevant to this case.

Defendants cannot produce information that does not exist, and Roadman's request simply is not relevant to the claims she is pursuing in this litigation. Thus, the Court finds Defendants' objection to this discovery request meritorious and holds that Defendants' response

through its previously discussed server, text message, and e-mail searches to satisfy their discovery obligations under the Federal Rules of Civil Procedure.

## VII. Conclusion

For the reasons stated above, Plaintiff's Motion to Compel Discovery (ECF No. 45) will be **DENIED**.

In sum, Defendants have fully met their obligations to answer interrogatories and produce documents to Roadman. To the extent that Roadman contends Defendants have not adequately responded to her discovery requests, those requests seek information that is not relevant to the claims brought by Roadman and/or go beyond the scope of discovery provided for by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(1).

As requested by Roadman's counsel at the oral argument for this Motion, the Order following this Memorandum Opinion sets new discovery deadlines and reschedules the Post-Discovery Status Conference in this case.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNA ROADMAN, | ) | Case No. 3:16-cv-246 |
| | ) | |
| | ) | JUDGE KIM R. GIBSON |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SELECT SPECIALTY HOSPITAL and RONALD LEWIS, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**NOW**, this 30th day of July 2018, for the reasons set forth in the accompanying Memorandum Opinion, Plaintiff's Motion to Compel Discovery (ECF No. 45) is **DENIED**.

Moreover, it is **HEREBY ORDERED** as follows:

1. The parties shall complete all fact discovery by **November 2, 2018**, including, *inter alia*, the three depositions referenced at oral argument and any other matters.
2. The Post-Discovery Status Conference currently scheduled for August 3, 2018 at 11:00 a.m. is rescheduled for **December 14, 2018 at** 11:00 AM.

BY THE COURT:

/s/ Kim R. Gibson
_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE